**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4892**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT TERRILL HIPP,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Margaret B. Seymour, Senior District Judge.  (2:17-cr-00554-MBS-4)

_____

Submitted:  August 20, 2019                          Decided:  August 22, 2019

_____

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Derek J. Enderlin, ROSS AND ENDERLIN, PA, Greenville, South Carolina, for Appellant.  Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Terrill Hipp pleaded guilty to one count of conspiracy to distribute, and possess with intent to distribute, at least 50 grams of methamphetamine and 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). His advisory Sentencing Guidelines range was 97 to 121 months in prison, based on his offense level of 28 and category-III criminal history, but the statutory minimum sentence for his offense was 120 months, *see* 21 U.S.C. § 841(b)(1)(A) (2012), and that was the sentence the district court imposed.

Hipp now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim P. 11 in accepting Hipp's guilty plea, and whether the district court erred in sentencing him. Hipp has filed a pro se supplemental brief, arguing that the district court erred in calculating his offense level and criminal history category under the Guidelines, and that he was eligible under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, for a shorter sentence.

Reviewing Hipp's plea colloquy for plain error—because Hipp did not move to withdraw his guilty plea or otherwise object at the plea hearing, *see United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016)—we conclude that the district court fully complied with the requirements of Rule 11, and that Hipp's plea was knowing, voluntary, and supported by a factual basis. Hipp's guilty plea is therefore valid.

We also conclude that the district court did not err in sentencing Hipp. Here, the district court correctly calculated the advisory Guidelines range, and sentenced Hipp within

2

that range to the statutory mandatory minimum sentence. Contrary to Hipp's assertion in his pro se brief, because Hipp had incurred five criminal history points under the Guidelines he could not have qualified for the "safety valve" at 18 U.S.C. § 3553(f) (2012) even after the enactment of the First Step Act, and the court had no authority to impose a sentence below 120 months. *See* 18 U.S.C. § 3553(f)(1)(B) (2012); *United States v. Allen*, 450 F.3d 565, 568 (4th Cir. 2006). Therefore, the district court's statutory minimum sentence is per se reasonable. *See United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v United States*, 135 S. Ct. 1609 (2015).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hipp's conviction and sentence. This court requires that counsel inform Hipp, in writing, of the right to petition the Supreme Court of the United States for further review. If Hipp requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hipp.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3